UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| RICHARD M. TRISCO,<br><br>Plaintiff,<br><br>v.<br><br>PIONEER CREDIT RECOVERY, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:19-cv-01076<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes RICHARD M. TRISCO ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PIONEER CREDIT RECOVERY, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a 60 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Waukesha, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Defendant is a debt collection agency that collects debts from consumers throughout the country, including the state of Wisconsin. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 26 Edward Street, Arcade, New York.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Around the beginning of June 2019, Plaintiff began receiving calls to his cellular phone line, (262) XXX-0082, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone line ending in 0082. Plaintiff is and always has been financially responsible for the cellular phone line and its services.

10. Defendant mainly used the phone number (973) 870-0787 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

11. Upon information and belief, the above referenced phone number ending in 0787 is regularly utilized by Defendant during its debt collection activity.

12. Upon answering phone calls from Defendant, Plaintiff experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

13. When Plaintiff would not answer Defendant's calls, Plaintiff was left a prerecorded voice message instructing Plaintiff to call Defendant back.

14. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding debt ("subject debt") said to be owed by his son, Ben.

15. Ben is an adult child and Plaintiff has no connection to the subject debt, so he informed Defendant that it was calling the wrong party and demanded that it stop calling.

16. Notwithstanding the information provided by Plaintiff and Plaintiff's demands, Defendant has continued placing calls to Plaintiff's cellular phone up until the filing of the instant action.

17. Plaintiff has received not less than 20 phone calls from Defendant since telling it that it was calling the wrong party and demanding that it stop calling.

18. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for a different individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a. Violations of FDCPA §1692b & c(b)**

26. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

27. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for his son Ben. Plaintiff explicitly notified Defendant that he was not the individual it was looking for and demanded that it stop calling. Defendant had more than

4

enough information to know that the number it was calling did not belong to Plaintiff. Armed with this information, Defendant nevertheless continued to call Plaintiff's cellular phone repeatedly without his consent, knowing he was not the individual obligated to pay the subject debt.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 20 times after he demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands in an attempt to collect a debt owed by Plaintiff's adult son was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

30. Defendant was notified by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to Plaintiff.

### c. Violations of FDCPA §1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 20 times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though the debt was not his. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when not only did it not have consent to do so in the first place, but was also subsequently told to stop calling.

 **d. Violations of FDCPA §1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with Plaintiff's son Ben, even after Plaintiff repeatedly told Defendant that it was calling the wrong person. Attempting to coerce payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

36. As pled in paragraphs 17 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, RICHARD M. TRISCO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS"), or using artificial or prerecorded messages, without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

40. Furthermore, Defendant placed calls to Plaintiff's cellular phone using prerecorded messages absent Plaintiff's consent. The prerecorded voicemail messages Plaintiff received from Defendant illustrates Defendant's use of prerecorded messages.

41. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS and prerecorded messages without his consent. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. Defendant was calling Plaintiff looking for a different party in connection with a debt Plaintiff had no connection to. As such, Plaintiff could not have given Defendant consent to contact him. Even if Defendant did have a legitimate business reason for initially contacting Plaintiff, which it did not, he explicitly revoked any consent by his demands that Defendant cease contact.

42. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, RICHARD M. TRISCO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

  b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

  c. Awarding Plaintiff costs and reasonable attorney fees; and

  d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

46. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair and harassing for Defendant to repeatedly contact Plaintiff through means of an ATDS and prerecorded messages after it became aware it was contacting the wrong party and after Plaintiff demanded that the calls stop. Defendant ignored Plaintiff's information and demands and continued to systematically place calls to his cellular phone without his consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment on a debt for which he had no obligation.

47. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

48. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

49. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after becoming aware it was calling the wrong party and after Plaintiff demanded that the calls stop. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system and prerecorded messages when it never had consent to do so.

50. As plead in paragraphs 17 through 20, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to §427.105.

51. Defendant's conduct was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts and information. Plaintiff informed Defendant that it had the wrong party and demanded that Defendant stop contacting him, yet he still received repeated collection phone calls from Defendant. The phone calls and conduct engaged in by Defendant were an attempt to harass Plaintiff into making payment on a debt he did not owe, in furtherance of its own bottom line. After Plaintiff told Defendant it was calling the wrong person and to stop calling, Defendant had more than enough information to know that it should not continue calling Plaintiff's phone. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of a debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, RICHARD M. TRISCO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 26, 2019                               Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Eastern District of Wisconsin | Admitted in the Eastern District of Wisconsin |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave, Suite 200 | 2500 South Highland Ave, Suite |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |